We have six cases for us today, and there'll be six arguments. We'll take a break at some point and we'll see how things go. Our first case is Peterson v. Commissioner of Internal Revenue, 17-9003 and 9004. Are you ready to proceed? Good morning, and may it please the Court. I'm Michael Walsh. I'm the Counselor for the Appellants and Taxpayers in this matter. They're before this Court because they are shareholders of a Subchapter S Corporation that was a sponsor of an Employee Stock Ownership Plan, or ESOP for short. The Corporation was, for the relevant years, an accrual basis taxpayer, as was required given its size. And at year-end, it accrued certain expenses for wages and vacation time for its employees. The reason we're here is because the Tax Court disallowed those deductions, claiming that the employees of the Corporation that sponsored this ESOP were considered indirect owners of the Corporation, and thus the employer was not allowed to deduct those expenses. The accrual basis employer was not allowed to deduct those expenses until the cash basis employees had included them in income the following year, when those were actually paid. This resulted from a novel, which I say because it hasn't been recognized or applied elsewhere. Let me ask you, Counsel. Section 267 seems pretty straightforward. It says you can't deduct it if it's paid to certain people and you're an accrual basis taxpayer. And the relationships it includes are a Subchapter S Corporation shareholders and a Subchapter S. And it also says that shares held by trusts are deemed to be held pro rata by the beneficiaries of the trust. So where does that analysis, pretty straightforward, may be novel to you, but it seems pretty straightforward. Where does that break down? It breaks down because it's based on the assumption that an employee stock ownership plan has to be considered a trust for that to apply. And why isn't it a trust? Employee stock ownership plans are a species of qualified plan under Subchapter D of the Code. That is, they are tax exempt organizations under Section 401A, 501A, and as for ESOPs, also Section 4975. They are not subject to Subchapter B of the Code, where Section 267 comes from. Okay, so ESOPs are creatures of statute. They originated under the ERISA legislation. Pardon? Section 267, it applies to all trusts, that section. The ESOP holds the shares in trust. Well, again, that's it. It doesn't apply to all trusts and it doesn't pick up ESOPs as well. Again, ESOPs are, as termed in the plan, they are not trusts. The legislation invariably refers to them as a plan. The plan is the legal entity. An ESOP typically incorporates what's called an employee stock ownership trust. That trust, again, is not a separate legal entity. The plan is the one's legal entity. Only the plan can sue and be sued. Only the plan is responsible for how the ESOP operates, whether it's relationship with its sponsoring employer and its distribution to the participants in the plan. Let me make sure I understand what you're talking about with the Subchapter B and Subchapter D. I understand Subchapter D is where the ESOPs are created and addressed, but you said something just now that you also repeat in your briefs, which seems to be a real key point, and if it is, I want to make sure I know your position. Why do you say that the requirements of Subchapter B, the 267, that they're mutually exclusive of Subchapter D? In other words, is there something in Subchapter D that says do not apply Subchapter B in event? Indirectly, yes, there is. Let's go back. Subchapter B's title is computation of taxable income. ESOPs are tax exempt organizations. They don't have taxable income. Subchapter B provisions simply don't apply to them. ESOPs, which come from a different part of the code, they have their own accounting rules, as I'm probably not the first to mention this to you. They're quite voluminous and quite intense, beginning at Section 401. There's a whole lot of material there as to how ESOP accounting is to be done that is different from that which is done for trusts that are under Subchapters A and B, which are taxable. But the Subchapter S corporation is a taxable entity, and that's what 267 applies to. It does, but again, the relationship here isn't the fact that there's an S corporation. The indirect ownership requires the ESOP to be a trust, and the participants or the employees be considered beneficiaries under that trust. That's an issue you're raising, but that's different from the one you just raised. You just said Subchapter B doesn't apply here because an ESOP isn't a taxable entity. But the taxable entity to which Subchapter B applies is the Subchapter S corporation. Yes, but that depends. Again, the link here is that the employees have to be considered indirect owners of the corporation for Subchapter B to apply. They don't own stock in their own name. Right. The only way the tax court considered that incorrectly was to say, okay, because there are participants in the ESOP, that makes them indirect owners. They don't own stock, admittedly. On the theory that the stock is owned by a trust, and they are beneficiaries of the trust. Correct, correct. And again, the ESOPs are not trusts. They come from a different part of the code. Is there not a trust associated with the claim? No. There's no trust associated with the claim? The terms that the code uses for ESOP is never the standalone term trust.  Well, it's got to be a qualified trust. Of course.  And those are different and very different. There are a number of other trusts. It's a type of trust. It's a trust that's qualified. May I return to the question I was trying to get an answer on? Sure. Who owns, what entity owns the stock in the ESOP? Isn't that owned by a trust? No. Again, the plan is the legal entity. The way ERISA is set up, 29 U.S.C. The statute doesn't require that the shares be owned by a trust? That was adopted as a way to have the shares held. But again, under ERISA, Title 29, 1132 states that the plan is the legal entity, not the trust. Trust is not a legal entity. And the IRS doesn't treat them that way either. What does the trust, is the trust a non-entity? In this case, yes, it is. Although that happens... Then why does the law require there be a trust? Pardon? Then why does the law require that the ESOP have a trust? Well, again, it has it as a part of the plan. But the trust is not separate from the plan, nor does the IRS treat it that way. ESOP's trust file forms 1041. ESOP's file will form 5500. Other species of trust where the adjectives are used have their own rules and their own tax returns. You know, they're real estate investment trusts. Their tax is determined under 856 and 857, most of which... Why does the law require reading the ESOP statute as making trust irrelevant? The fact that it has... What's the purpose of having the requirement that the shares be held in a trust? Well, it's not that the trust be irrelevant. It's that it's not independent of the plan. It's the plan that is the entity. It's the plan that is the taxpayer. And where the code uses terms to qualify the term trust, that's an indication that it is something other than a As I mentioned, the code has a number of other species of trusts that it referenced. Each time it does that, it has a separate set of accounting rules for those kinds of trusts. Subchapter J, where trusts are described, in the Clayton case that we cite, that is different from Subchapter D. Subchapter D does not apply to Subchapter J trusts, and vice versa. There are grantor trusts that don't file tax returns at all. They're considered part of their owners. There are non-profit entities can be organized as trusts under Section 501. Again, they file Forms 990. They are not treated as trusts for other purposes under the code. The adjectives do have meaning. The adjectives do make a difference. And when they show up, that means the code is wanting to say we are treating those as different from standalone trust. But you're saying an adjective obliterates the noun. If it's a qualified trust, then it's not a trust. But I would think that qualified trust, grantor trust, the various types of trust addressed in the code are called trust. And if the code uses the word trust without modification and doesn't state any exemption for ESOP trust, then it's a trust, then it covers the trust for the relation rules. Again, I have to disagree because wherever the adjectives are there, it means some different accounting rules apply. And some different compliance rules apply. And that's the big difference here. Again, Subchapter B was written for taxable trusts. In fact, to show where this goes, Section 1E that applies to it. Well, wait. Maybe I misunderstood. I thought you conceded that Subchapter B, the entity, the taxable entity to which Subchapter B applies, to which Section 267 applies, is the Subchapter S Corporation. It applies to S Corporation shareholders. But again, the employees here were not S Corporation shareholders. They were participants in the ESOP. That only comes, again, 267 can only apply if you get over that hurdle about who owns the stock in the ESOP. And that's why the constructive ownership of trust. And that's why constructive ownership comes in. It's a trust. Go ahead. I say it's also why Section 318 is particularly relevant here because that expressly says for corporations, stock owned in an employee's trust under ERISA, under Subchapter D, is not considered owned by the employees. For purposes of certain sections in the Internal Revenue Code, which are listed, 267 is not one of those. And the Subchapter S, or Subchapter C, where 318 comes from, is expressly made applicable to S Corporations for most purposes under Section 1371. 1371 says we realize S Corporations are a little different animal, but we adopt all the rules of Subchapter C unless they're expressly accepted or inconsistent with purposes of Subchapter S. If you look at the provisions, too, that define their number of attribution rules given for ESOPs in terms of their definitions and accounting, and all of those reference the attribution rules of Section 318, none of them reference 267. That's done in 4975. That's done in Section 409. That's done in Section 664. Whenever you're looking at what rules apply to ESOPs, what kind of a creature are ESOPs, they adopt. If there's attribution rules, they adopt Section 318. They don't adopt Section 267. So that's the crucial distinction here. The ESOP is simply not a trust, as was contemplated by 267. In fact, S Corporation ESOPs didn't exist at the time 267 was enacted in its current form. There is one more issue I need to touch on, and then I can reserve my remaining time for rebuttal, and that is, in any case, the tax court decision is in error because it disallowed the entirety of the accrued deduction. I think that's conceded, so I just want to make sure. If I may reserve my remaining time for rebuttal. Thank you. Good morning. May it please the Court, my name is Jennifer Rubin, and I represent the Commissioner of Internal Revenue in this case. I believe that the opening argument really put a finger on one of the critical problems with the taxpayers' argument here. Section 267 addresses whether a taxable entity here, the S Corporation, Peterson Corporation, may deduct certain expenses that are accrued but unpaid. And the question then turns to, well, is it a related party? And the language here is clear. It uses trust in a broad term, along with other broad terms, likewise created by other sub-chapters of the Internal Revenue Code, Corporation, Partnership, Estates. And it says, okay, if a state, a trust, a partnership, a corporation owns shares, then those are considered to be owned by the beneficiaries for purposes of this rule that applies to this taxable entity, the S Corporation that is trying to make a deduction on its tax return. And we have a whole lot of argument going on about, well, how are ESOPs treated? Are they taxable? Are they not taxable? The point is 267 applies to what the S Corporation tried to do here, which is the deduction that it was not permitted to take because of the related party rules. And again, the language in Section 267 is admirably clear, and the legislative history establishes why. Congress wanted a very clear-cut rule, and this was shown from 1937 forward, that they wanted a very clear-cut rule to ensure that there wasn't a problem with an abusive situation that the IRS wasn't able to prove was not bona fide. So they said, let's put in a clear-cut rule, and then this is from the 1937 rule forward. Let's just, we're going to define what a related party is, and if it's a related party, then you cannot deduct that accrued but unpaid expense. What about the argument that the ESOP trust is not really the sort of trust that they're talking about in 267? He says it's not really a legal entity because it can't be sued or sue itself. He wasn't sure what the purpose of having the shares in a trust in the ESOP. How do you respond to that? I would point to the statutory language creating qualified trust. It says it has to be a trust. There has to be a trust involved. And you can look at the DeVonis Watch and Revenue Ruling 89-52, which say, you know, it really needs to be a trust to be a qualified trust. And it really needs to have a trustee, and it needs to have the beneficiaries not have the sort of type of control over the property that is inconsistent with the trust in order for it to be a qualified trust. Just like any other type of trust, the qualified trust under ERISA exists for a specific reason. It's to put a trustee in charge and control of property for the benefit of other persons. That's exactly what happened with the Peterson ESOP. That's what happens with any legitimate ESOP. That's why there's a trust. It can't simply be that someone has property and they can do whatever they want with it. It has to be maintained for the benefit of the participants and beneficiary of the ESOPs who, under Wiley, are beneficiaries for purposes of Section 267, but also for trust law in general. And if you have an ESOP that operates in a way that is inconsistent with the concept of a trust, it's not going to be considered a qualified trust. You know, if you also look at 318, which the taxpayers rely heavily on, both in their argument today, but also in all their briefing, that actually establishes, I think pretty clearly, Congress understood the term trust to include employees' trust, such as an ESOP. Otherwise, why would they have created an exception? That language would be completely superfluous if an employee's trust, such as this one, was not a trust. Why would they need to put that exception in? And the interesting thing is, and the legislative history underlying the Internal Revenue Code of 1954 makes clear, they knew about the attribution rule that is now 267. They cited it in the House report dealing with, well, let's create a new attribution rule for corporate distributions and adjustments. But then they created a different one. They created an exception for employee trust. This would seem to establish that, number one, Congress knew, had an understanding of what trust meant, that trust included employee's trust, such as ESOPs. Number two, they knew how to make an exception. They made it in 318. They didn't make it in 267. And number three, that they chose to maintain 267 in its current form, which would seem to be a pretty powerful argument against reading 267 narrowly to exclude employee's trust. So you put all this together with the meaning of trust throughout the Internal Revenue Code, with the regulatory meaning, with the interpretation of common law trust that underlies ERISA. And what you really find here is you look at the entity and you say, is there a trustee relationship where you're maintaining or preserving control for the benefit of other persons? Yes. Okay. You're a trust for purpose of 267. And therefore, you're beneficiaries. The people, such as participants and beneficiaries of an ESOP, are deemed to own the shares for purposes of this attribution rule that we find in 267. One technical question. The participants are the only ones deemed to own shares, right? How would a beneficiary in an ESOP own shares? Well, I mean, I think if you can identify that a beneficiary, if you could identify a beneficiary, then I suppose you could say they're deemed to own it. But I don't know that it would matter for purposes of 267, because unless that related party was getting some sort of an accrued but unpaid expense. I mean, ultimately, but there may be some sort of decision-making as to who owns the shares. But there's really no debate in this case. The party stipulated how many ESOP participants actually, how much of the unpaid vacation and payroll expenses are attributable to the participants. I'd like to turn to just a couple of quick reply points that were made in the first one is, there's an argument made that sections 318 and 404 and 1371 are these specific terms that should somehow override 267. And this is just simply wrong. Right now, what we're dealing with is a specific question. Can the S Corporation deduct certain accrued but unpaid expenses? 267 is the provision that's specific to that. You know, 318 deals with a completely different issue, corporate distributions and adjustments. 404 deals with the timing of deduction for contributions to an ESOP, which is not an issue here. Section 1371 is just a general rule regarding interpreting corporate rules. The specific provision here is 267. And the second thing I'd like to just point to are the certain policy arguments that were made. Now, throughout this case, there's been this policy argument that taxpayers said, what could possibly be that an ESOP should count? So you should treat 267 the same way you do 318 and just have an exception. And as the tax court held and as we argue in our brief, this would be rewriting the statute inappropriately. But there was a policy argument that was made in the reply brief that I would like to point to, which the argument is, well, if there's different sort of trusts or entities or transactions that are somehow treated differently, then generally applicable income tax rules shouldn't apply unless there's specific language saying so. And the answer is no. That's not the way the Internal Revenue Code works. When you use a general term like trust, you just determine, well, is this within the general term trust? And if so, this rule applies. Now, if there's some other specific provision that takes it out or if, say, in 318 there's an exception, then Congress has made that exception. But these generally applicable income tax rules, such as 267, are written broadly. They cover a lot of things. And to somehow go back and try to alter these rules and say, well, these don't count and I'm not even sure what these entities' trust transactions would be, where's the stopping point? The point is Congress enacted an Internal Revenue Code and it has in certain places, such as 267, some general rules. And we're just asking you to apply the rules as they are written. Are there any further questions? Thank you. We stand on our brief. Counsel, you have two minutes. Two minutes and two seconds or something like that. No, 150 minutes. I'll give you two minutes. Just three brief notes on rebuttal, Your Honors. First, as to Revenue Ruling 89-52, that actually illustrates the point that qualified trusts and trusts are not the same thing. There's no question in that ruling that a trust existed. The question was whether it was a qualified trust for the purposes therein. So, as I said, trust and qualified trust are separate species. That indicates that. Second, ESOPs are not like any other trust, as may be stated. Trusts come out of Subchapter J. That describes their accounting rules. That describes trusts that are subject to tax under Section 1E. Very different from Subchapter D, where ESOPs come from. Again, very separate species, very separate treatment under the code. The fact that there may be some fiduciary relation involved is actually quite overstated. For that matter, the corporate setup has the same kind of fiduciary relation in terms of shareholders put money into the corporation, the Board of Directors runs it. There's still a fiduciary obligation there, but that's not to say that now for-profit corporations should be considered trusts. And last note on the terms of 318. I know that the services argued that if qualified trusts are different from trusts, there's no reason to state that separately. I would say it's helpful to have it there, because it avoids, frankly, this exact situation coming up. And I also have to say, with respect to 318, the deduction rules are not at issue. The attribution is. We know what would happen with the deduction in either case. It's just the tax court changed that entirely on the basis of the attribution of stock ownership of the employees. If the ESOP creates that, we know what the rules are. If the ESOP is not a trust, that attribution doesn't apply, and what the taxpayer did is correct. So that's all I have. Thank you very much. Thank you, counsel. Case is submitted, and counsel are excused.